# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **VADIM ARUTINOV**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 5038 |
| | ) |
| **CITY OF CHICAGO**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Vadim Arutinov ("Arutinov") has utilized the form of Complaint made available by the Clerk's Office for use by prisoner plaintiffs to assert a whole set of theories of recovery (eight in number) against four defendants: the City of Chicago (the "City"), its Superintendent of Police Gary McCarthy ("McCarthy"), Chicago Police Officer Strazzante and an unknown Chicago police officer. Arutinov has relatedly accompanied his Complaint with two other filled-out Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application) and a Motion for Attorney Representation ("Motion").

To begin with, Arutinov has included the City as a defendant solely because of the prospect that it will be required -- not on <u>Monell</u> grounds but as an indemnitor (or, more precisely in real-world terms, as a guarantor) -- to make good on liability that is imposed on one or both of the officer defendants for compensatory damages on one or more of the theories advanced against them. By contrast, no predicate for possible liability has been asserted against Superintendent McCarthy in the Complaint, so that this Court sua sponte dismisses him as a defendant.

Next on the agenda is Arutinov's effort to qualify for in forma pauperis ("IFP") status -- more brand of that status that Congress has prescribed for prisoner plaintiffs in 28 U.S.C. § 1915 ("Section 1915"), with a full advance payment of the $350 filing fee being excused but with the plaintiff being obligated to pay that fee in installments. Even though the Complaint relates to the consequences of a single incident that ended with Arutinov's release not too long thereafter, now he is once again in custody at the Cook County Department of Corrections ("County Jail"),[1] so that Section 1915 is indeed in play here.

But as is too often the case, more information is needed to enable this Court to make the required calculation under that section:

1. Although the Complaint, the Application and the Motion did not arrive in the Clerk's Office until June 8, 2015, Arutinov had signed the Complaint on May 17 and the Motion on May 7, while the Certificate by the County Jail's fiscal officer was dated May 20. It is obviously impossible for this Court to derive from that mixed bag an informed conclusion as to the "filing" date of the Complaint under the "mailbox rule" defined in Houston v. Lack, 487 U.S. 266 (1988).

2. As for the trust fund account calculation required by Section 1915(b)(1), the trust fund account printout that has been attached to the Application spans a period that began on December 19, 2014 and ended on May 19, 2015. If then the earliest date of Arutinov's current custodial status was also on December 19 (that appears to be entirely possible, for the

---

[1] This opinion need not look into the reason for Arutinov's current incarceration. Indeed, it seems improbable that his current situation will prove at all relevant to this case.

> December 19 entry shows a $100 deposit and a resulting account balance of exactly that amount), the beginning of the statutory six-month period has been covered[2] -- but if not, more information will be needed in that regard. As for the end of the statutorily prescribed six-month period, more input is certainly needed (it seems quite unlikely that the Complaint's "filing" date was on or before May 19, 2015).

Accordingly Arutinov is ordered on or before June 30, 2015 (1) to file a statement with this District Court specifying the date (a) on which he himself mailed the Complaint and its accompanying documents to the court or (b) on which he delivered those papers to the personnel at the County Jail so that they could do the mailing for him and (2) to deliver the supplemental printout or printouts showing the transactions in his trust fund account for the missing period or periods referred to above (for that purpose Arutinov's counsel designated later in this opinion should assist him in dealing with the County Jail personnel, given the complexity of the matter).

To shift now to the Motion, it seems clear -- both from the information supplied up to now that bears on Arutinov's qualification for IFP status and from what is said hereafter as to the claim or claims for relief that he asserts -- that everyone involved in this litigation would be better served if he were provided with counsel. That being the case, this Court grants the Motion provisionally and has obtained the name of the following member of the trial bar, who is designated to act as Arutinov's counsel pro bono publico:

---

[2] Obviously the statutory reference to "average monthly deposits" (Section 1015(b)(1)(A)) speaks of a prisoner's actual time in custody if it spans <u>less</u> than a full six-month perod.

Jonathan J. Krit
Amin Talati, LLC
225 North Michigan Avenue
Suite 700
Chicago, IL 60601
312-327-3357
Email: jonathan@amintalati.com.

With those preliminary matters having been addressed, this opinion turns at last to the threshold sufficiency of Arutinov's substantive claim or claims. In that respect this Court should not be misunderstood as subscribing to (or, on the other side of the coin, as rejecting) any of Arutinov's eight theories of recovery that he has chosen to splinter into his many separate counts.[3] Because the operative concept in federal practice is "claim for relief" rather than "cause of action" (see Bartholet v. Reishauer A.G. (Zurich), 953 F.3d 1073, 1078 (7th Cir. 1992), NAACP v. Am. Family Mut. Ins., 978 F.2d 287, 292 (7th Cir. 1992) and a host of later Seventh Circuit cases, many of them citing Bartholet, that adhere to the same principle), the relevant question for current purposes is whether the Complaint meets the standard of "plausibility" prescribed by the Twombly-Iqbal canon. Because that inquiry plainly gets a "yes" answer, this action can go forward (although the conditions mentioned earlier in this opinion must still be satisfied).

It is expected that Arutinov's earlier-designated counsel will confer with him about all aspects of this litigation, including the question whether a lawyer-prepared Amended Complaint ought to be substituted for Arutinov's original version. In that respect counsel should also confer

---

[3] That multicount practice, although it does not conform to the function prescribed for separate counts by the last sentence of Fed. R. Civ. P. ("Rule") 10(b), is of course widely prevalent. That may perhaps be the case because the origins of the Rule's more narrow provision have been forgotten, or the practice may stem from the "cause of action" concept that prevails in the state court system and that is discussed briefly in the ensuing text.

with the defense counsel who may appear for defendants after they are served, for it would make little sense to require a responsive pleading to be filed addressing Arutinov's Complaint if an Amended Complaint is contemplated to take its place. Meanwhile, this Court is contemporaneously issuing its customary initial scheduling order.

## **Conclusion**

For the reasons earlier stated in this opinion:

1. Superintendent McCarthy is dismissed as a defendant.

2. Arutinov is ordered on or before June 30 (a) to provide the information specified in this opinion as needed for a determination of the date of "filing" of the Complaint and (b) to deliver the supplemental printout or printouts showing the transactions in his trust fund account for the missing period or periods referred to in this opinion.

3. Arutinov's Motion for Attorney Representation is granted provisionally, with Jonathan J. Krit being designated to act as his counsel pro bono publico.

Finally, this Court has contemporaneously issued its customary initial scheduling order, which in part designates an initial status hearing date of 9 a.m. September 9, 2015.

                                                                       Milton I. Shadur
                                                                       Senior United States District Judge

Date: June 15, 2015