## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VADIM ARUTINOV, | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No.  15-CV-5038 |
| | ) | |
| v. | ) | **Hon. Judge Milton I. Shadur** |
| | ) | **Magistrate Young B. Kim** |
| CITY OF CHICAGO, PHILIP | ) | |
| STRAZZANTE, and ADRIAN | ) | **JURY TRIAL DEMANDED** |
| VIVANCO, | ) | |
| **Defendants.** | ) | |
| | ) | |

### FIRST AMENDED COMPLAINT

Plaintiff Vadim Arutinov ("Arutinov"), by and through his appointed attorney Jonathan Krit and

Saira Alikhan, for his first amended complaint against Defendants Philip Strazzante,

("Strazzante"), Adrian Vivanco ("Vivanco"), and the City of Chicago ("City) (collectively

referred to as "Defendants"), hereby alleges:

### NATURE OF THE ACTION

1.      This is a civil rights action for money damages pursuant to 42 U.S.C: §§ 1983 *et.*

*seq.* and 1988, and the law of Illinois to redress the deprivation under color of law of Arutinov's

Fourth and Fourteenth Amended rights as secured by the United States Constitution against

Officer Strazzante, an officer with the City of Chicago Police Department, against Officer

Vivanco, an officer with the City of Chicago Police Department, and the City of Chicago, a

municipal corporation and the employer and principal of the Defendant officers.

2.      Defendants intentionally assaulted and battered Arutinov, used excessive force

against him while he was handcuffed, and failed to help or intervene Arutinov when they had a

1

duty to do so. Defendants further illegally searched his vehicle and seized property and willfully and falsely arrested and detained him with no probable cause. As a custom or widespread practice, the City of Chicago police disproportionately stop African-American drivers or drivers with African-American passengers. During these stops there is a custom or practice of unlawfully searching vehicles to obtain an arrest and/or detain otherwise innocent and law abiding individuals. Officer's then feel free to use unreasonable and excessive force against these individuals before, during and after the unlawful arrest.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action and of the parties pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983, because Arutinov's cause of action arises under the Constitution of the United States. This Court has supplemental jurisdiction over Arutinov's causes of action arising under Illinois state law pursuant to 28 U.S.C § 1367.

4.      Venue is proper under 28 U.S.C. § 1391(b) and (c) because the City of Chicago is located in the Northern District of Illinois and all relevant activities occurred in this District.

## THE PARTIES

5.      Plaintiff Vadim Arutinov is an individual who is currently detained at the Kenosha County Detention Center which is located at 4777 88th Avenue, Kenosha, WI 53144.

6.      Defendant Philip Strazzante, star number 8496, was at the time of this occurrence, a duly appointed Chicago Police Officer. Defendant Strazzante is sued in his individual and official capacities and was acting under the color of the law and within the scope of his employment at all times relevant.

7.      Defendant Adrian Vivanco, star number 17269, was at the time of this occurrence, a duly appointed Chicago Police Officer.   Defendant Vivanco is sued in his individual and official capacities and was acting under the color of the law and within the scope of his employment at all times relevant.

8.      Defendant Chicago of Chicago is a municipal agency with its principal place of business at 121 N. LaSalle Street, Chicago, IL 60602

## FACTUAL BACKGROUND

9.      On or about September 8, 2013, Plaintiff and an African-American passenger were lawfully traveling in his vehicle at or near 4800 W. Madison, Chicago, when they approached a red light.

10.     At all times relevant hereto, Plaintiff was acting in full conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

11.     At this time Defendants, Officers Strazzante and Vivanco approached alongside the right side of Plaintiff's vehicle, in a Chicago Police Department vehicle, also stopping at the red light.

12.     When the light turned green, Plaintiff proceeded cautiously through the intersection.

13.     It was at this point that Defendants Strazzante and Vivanco made an abrupt maneuver into Plaintiff's lane and were now traveling behind Plaintiff's vehicle.

14.     Defendants Strazzante and Vivanco then activated their police lights.

15.     Plaintiff complied and pulled over to the right curb.

16.     Defendants Strazzante and Vivanco both got out of the vehicle screaming at plaintiff to "unlock all the doors!"  Plaintiff once again complied.

17.     Defendants Strazzante and Vivanco ordered Plaintiff and his passenger to exit the vehicle and both the Plaintiff and passenger again complied.

18.     Plaintiff heard one of the officers say "what's a white boy and a nigger doing around here together, you got something for us?"

19.     Plaintiff sated that he did not know anything.

20.     Officer Strazzante said "I need something or I'm going to tear this bitch apart."

21.     Defendants then searched Plaintiff and the passenger, along with the Plaintiff's vehicle, without his consent.

22.     Defendants did not have a search warrant, an arrest warrant, or probable cause to believe that Plaintiff had committed a crime.

23.     Defendant Vivanco located a backpack on the floor of Plaintiff's vehicle and opened it without Plaintiff's consent.

24.      The backpack contained Plaintiff's laptop and some prescription medication in an Advil bottle.

25.     Defendant Vivanco opened the medication bottle without Plaintiff's consent.

26.     Defendant Strazzante then stated to Plaintiff "give me someone or I am booking you." Plaintiff told him that he didn't know anything.

27.     Plaintiff was then handcuffed and falsely arrested for possession of a controlled substance and was placed in the police vehicle.  Plaintiff did not resist arrest and was fully compliant during this time.

28.     Plaintiff's passenger was directed by Defendants to leave and was not cited with any violations.

29.     Defendant Strazzante then drove Plaintiff's car behind the police car where Plaintiff was then located.

30.     Plaintiff communicated to Defendant Vivanco that he was wrongfully stopped, searched and arrested.

31.     It was at this point that Defendant Vivanco stopped the car and communicated to Defendant Strazzante that "this asshole won't shut up."

32.     Defendant Strazzante opened the door to the police vehicle where Plaintiff was located and punched Plaintiff in the face while he was handcuffed.  Defendant Strazzante also tightened Plaintiff's handcuffs until it caused extreme pain.

33.     Defendant Vivanco then told Plaintiff "if you don't shut up this will keep happening."

34.     Plaintiff was then taken to the Chicago Police Station at or around 5022 W. Madison St., Chicago and was booked and processed.

35.     While in custody, Plaintiff requested pain medication due to being punched in the face by Officer Strazzante, but he was denied medication.

36.     On September 9, 2013, Plaintiff's bail amount was set at $25,000.00 and he was released into the Cook County Sherriff's Department of Corrections Electronic Monitoring Program.

37.     From September through October, 2013, Plaintiff was confined to his home because of the Electronic Monitoring Program.

38.     On October 3, 2013, the Circuit Court of Cook County found that there was no probable cause for the search and arrest, and dismissed the charges against Plaintiff.

39.     During this time, Plaintiff lost his gainful employment as truck driver due to the home confinement.

40.     Plaintiff never recouped the personal property, i.e. laptop, electronics and clothing that was in his car that was impounded by Defendants.

41.     Upon information and belief, the City of Chicago has a custom or practice of stopping and/or searching vehicles without sufficient probable cause in order to conduct a search of that vehicle and obtain an arrest.

42.     More specifically, upon information and belief, the City of Chicago has a custom or practice of illegally stopping vehicles with African-American drivers or passengers more often than vehicles with white passengers and drivers.

43.     In 2013, of more than 100,000 traffic stops made by Chicago police nearly half were of black motorists, far exceeding their percentage of the population per 2010 census figures.

44.     Moreover, police searched the cars of African-American drivers more than those of whites, yet officers found drugs and other contraband at a higher rate in vehicles driven by whites.

45.     Upon information and belief, the officers frequently use excessive force in order to conduct the search and during the arrest.

46.     Upon information and belief Officer Vivanco has over ten complaints registered regarding the use of force during an arrest.

47.     As a direct and proximate cause of the Defendants' conduct, Arutinov suffered injury, pain and suffering, mental distress, loss of his employment, property, and expenses.

**COUNT I**
**42 U.S. C § 1983 (Fourth and Fourteenth Amendents) Against Defendants Vivanco and**
**Strazzante**
**UNREASONABLE SEARCH AND SEIZURE**

48.     Plaintiff re-alleges and incorporates herein by reference all of the allegations set

forth in Paragraphs 1 through 47 above.

49.     At all relevant times, Plaintiff was complying with all traffic laws.

50.     Based on the facts and circumstances known at the time, Defendants Vivanco and

Strazzante stopped Plaintiff's vehicle with no with no probable cause that a traffic violation

occurred, thus making the stop unreasonable.

51.     Further, Defendants had no probable cause to search Plaintiff's car or back pack,

thereby making the search unreasonable.

52.     In stopping Arutniov, searching his vehicle and punching him without just cause

and/or failing to intervene to prevent said abuse, despite having the opportunity to do so, violated

his rights under the Fourth Amendment to the United States of the Constitution to be secure in

his person against unreasonable seizure, and his right to due process under the Fourteenth

Amendment to the United States Constitution, and caused the injuries set forth above.

53.     The aforementioned actions of Defendants Vivanco and Strazzante were the direct

and proximate cause of the constitutional violations set forth above and of the Plaintiff's injuries.

54.     As a result of Defendants unreasonable search and seizure, Plaintiff has suffered

injuries including loss of employment and pain and suffering.

7

## COUNT II
## 42 U.S.C. § 1983 (Fourth Amendment) Against Defendant Vivanco
## FALSE ARREST

55.     Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 47 above.

56.     Defendant Vivanco restrained and arrested Plaintiff.

57.     Based on the facts and circumstances known at the time, Defendant Vivanco acted without reasonable grounds to believe that Plaintiff committed an offense.

58.     The Circuit Court of Cook County agreed and dismissed all charges against Plaintiff on October 3, 2013 finding a lack of probable cause.

59.     As a result of Defendant's false arrest, Plaintiff has suffered injuries including loss of employment, loss of property and pain and suffering.

## COUNT III
## 42 U.S.C. § 1983 (Fourth Amendment) Against Defendant Strazzante
## EXCESSIVE FORCE

60.     Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 47 above.

61.     Defendant Strazzante's punch to Plaintiff's face while Plaintiff was restrained, not resisting and compliant was a use of force that was greater than was reasonably necessary.

62.     Defendant Strazzante also unreasonably tightened Plaintiff's handcuffs in an effort to cause Plaintiff more pain and discomfort.

63.     As a result of Defendant's use of excessive force Plaintiff has suffered injuries including pain and suffering.

## COUNT IV
### 42 U.S.C. § 1983 (Fourth Amendment) Against Defendant Vivanco
### FAILURE TO INTERVENE

64.     Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 48 above.

65.     Defendant Vivanco had a realistic opportunity to prevent Defendant Strazzante from punching Plaintiff in the face.

66.     Defendant Vivanco did not stop Defendant Strazzante from using excessive force against Plaintiff or intervene in any way.

67.      Instead, Defendant Vivanco taunted and threatened Plaintiff stating, "if you don't shut up, this will keep happening."

68.     As a result Plaintiff sustained injuries because of Defendant Vivanco's failure to stop Strazzante from hitting Plaintiff including pain and suffering.


## COUNT V
### 42 U.S.C. 1983 (Fourteenth Amendment) Against the City of Chicago
### UNLAWFUL POLICY AND PRACTICE
#### (*Monell Claim*)

69.     Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 47 above.

70.     Upon information and belief, the City of Chicago, through its agents, employees and/or servants, acting under color of law, has a widespread custom or practice of stopping and/or searching vehicles without sufficient probable cause in order to conduct a search of that vehicle and obtain an arrest.

71.     Upon information and belief, the City of Chicago through its agents, employees and/or servants, acting under color of law, has a widespread custom or practice of illegally

stopping vehicles with African-American drivers or passengers more often than vehicles with white passengers and drivers.

72.    Upon information and belief, the officers frequently use excessive force in order to conduct the search and during the arrest.

73.    Upon information and belief, Officer Vivanco has over ten (10) complaints registered regarding the use of force before, during or after an arrest.

74.    Upon information and belief, the City of Chicago, through its agents, employees and/or servants, acting under color of law, has a widespread custom or practice of unlawfully stopping and searching vehicles with an African-American driver or passenger in order to obtain an arrest.

75.    Upon information and belief, the City of Chicago, through its agents, employees and/or servants, acting under color of law, has a widespread custom or practice of allowing their officers to use excessive force before, during and after an arrest, by failing to take disciplinary actions against officers that do.

76.    Upon information and belief, policy making officials at the City of Chicago have knowledge of these illegal widespread custom and practices and fail to do anything to rectify them.

77.    As a result of the City of Chicago's pervasive custom and practices, Plaintiff's constitutional rights were violated and he has suffered injury, including loss of employment, loss of property, pain and suffering and damage as a result.

## COUNT VI
### ASSAULT Against Defendant Strazzante

78.    Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 47 above.

79.     Defendant Strazzante intended to cause apprehension of an imminent battery against Plaintiff.

80.     Defendant Strazzante had the apparent present ability to effectuate the battery when Plaintiff sat handcuffed in the police car.

81.     Plaintiff had reason to apprehend that Defendant Strazzante's fist was about to strike Plaintiff in the face.

## COUNT VII
### BATTERY Against Defendant Strazzante

82.     Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 47 above.

83.     Defendant Strazzante intentionally made harmful contact with Plaintiff when he used his fist to strike Plaintiff in the face.

84.     Defendant Strazzante's use of his fist on Plaintiff's face was both harmful and offensive.

85.     As a result of Defendant Strazzante's fist hitting Plaintiff's face, Plaintiff suffered and pain and suffering.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.     That judgment be entered against Defendants for:

    i.     Plaintiff's actual and compensatory damages;

    ii.     Punitive damages;

    iii.     Costs of this action;

    iv.     Attorney's fees.

B.      That this Court grant to Plaintiff an injunction against Defendants as follows:

i.      Ensure the City of Chicago and its officers refrain from using excessive force before, during or after an arrest;

ii.      Prevent the City of Chicago and its officers for unreasonably and unjustifiably searching vehicles;

iii.      Prevent the City of Chicago and its officers from employing racial profiling as a basis for these unconstitutional actions.

C.      For such further relief deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action under Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,


Date:   August 24, 2015                          /s/ Saira J. Alikhan
                                                 Saira J. Alikhan
                                                 Jonathan J. Krit
                                                 AMIN TALATI & UPADHYE, LLC
                                                 55 W. Monroe St., Suite 3400
                                                 Chicago, Illinois 60603
                                                 Telephone:  (312) 784-1065
                                                 E-mail:  saira@amintalati.com


                                                 Attorneys for Plaintiff